## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

AEROLEGACY, LLC; and
ALEJANDRO PADILLA,

    *Plaintiffs*,

v.

                                               CASE NO.: 0:26cv61858

UNITED STATES OF AMERICA; U.S.
DEPARTMENT OF HOMELAND SECURITY;
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; U.S. CUSTOMS AND
BORDER PROTECTION; U.S. DEPARTMENT
OF THE TREASURY; SCOTT BESSENT, in his
official capacity as Secretary of the Treasury;
MARKWAYNE MULLIN, in his official capacity
as Secretary of the Department of Homeland
Security; and UNKNOWN FEDERAL OFFICERS
1–10, in their individual capacities,

    *Defendants*.

_____/

## COMPLAINT FOR RETURN OF AIRCRAFT, DAMAGES, AND INJUNCTIVE AND DECLARATORY RELIEF

Plaintiffs AEROLEGACY, LLC and ALEJANDRO PADILLA (collectively, "**Plaintiffs**"), by and through undersigned counsel, file this Complaint for Return of Aircraft, Damages, and Injunctive and Declaratory Relief against Defendants UNITED STATES OF AMERICA; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); U.S. DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; and UNKNOWN FEDERAL OFFICERS 1–10, in their individual capacities (collectively, "**Defendants**"). In support, Plaintiffs allege as follows:



BARAKAT
+ BOSSA

201 Alhambra Circle, Suite 1060, Coral Gables, FL 33134 • Tel: 305-444-3114 • service@b2b.legal

## INTRODUCTION

1. This is an aviation-property case seeking the return of a seized aircraft and preservation of all damages and monetary remedies available from the Government's wrongful and continuing retention of that aircraft.

2. Defendants seized and continue to retain a 2009 Learjet 60XR, Serial Number 366, bearing registration T7-JJ27, together with all instruments, avionics, equipment, machinery, engines, parts, accessories, logs, and manuals attached to, installed in, or associated with the aircraft (collectively, the "Aircraft").

3. Plaintiffs seek the prompt return of the Aircraft or, in the alternative, immediate institution of the judicial forfeiture proceeding Plaintiffs timely elected so that the legality of the seizure can be tested in court.

4. ICE seized the Aircraft and logbooks in Fort Lauderdale, Florida on February 27, 2026.

5. CBP later issued separate Notices of Seizure to AeroLegacy, LLC and Alejandro Padilla, each identifying the same case number, Aircraft, associated logbooks, and appraised domestic value of $3,244,240.00.

6. On April 17, 2026, AeroLegacy and Mr. Padilla timely selected Option 4, "Court Action (Judicial Proceedings)," requesting referral of the matter to the United States Attorney under 19 U.S.C. § 1610 and 19 C.F.R. § 162.32.

7. Defendants have not completed that referral, identified an assigned United States Attorney, initiated judicial forfeiture proceedings, returned the property, or provided a valid explanation for their continued inaction.



8.     By retaining the Aircraft without completing the elected judicial-forfeiture process, Defendants have deprived Plaintiffs of a valuable aviation asset, interfered with AeroLegacy's ownership rights, prevented Plaintiffs from using, maintaining, operating, marketing, leasing, selling, or otherwise preserving the Aircraft, and caused continuing damages.

9.     Plaintiffs therefore bring this action for return of the Aircraft, injunctive and declaratory relief, damages and monetary remedies available by law, and preservation of all claims arising from the Government's wrongful seizure and continued retention, including relief under Rule 41(g), the Administrative Procedure Act ("APA"), the Fifth Amendment, the Fourth Amendment, 28 U.S.C. § 2465, the Tucker Act, 28 U.S.C. § 1491(a)(1), the Fifth Amendment takings doctrine, and, in the alternative and if legally available, *Bivens*.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the Constitution and laws of the United States, including the Fourth and Fifth Amendments, 19 U.S.C. § 1610, 19 C.F.R. § 162.32, and Federal Rule of Criminal Procedure 41(g).

11.     This Court also has jurisdiction under 28 U.S.C. § 1355 because this action concerns a seizure and forfeiture proceeding arising under Acts of Congress.

12.     Plaintiffs seek declaratory relief, injunctive relief, return of property, and preservation of any remedies available by law, including any recovery available under 28 U.S.C. § 2465 if Plaintiffs substantially prevail in a civil forfeiture proceeding.

13.     Plaintiffs bring this action for return of seized property under Federal Rule of Criminal Procedure 41(g), for declaratory and injunctive relief arising from Defendants' failure to

initiate the elected judicial forfeiture process, for APA relief compelling referral or return, and for violations of Plaintiffs' Fourth and Fifth Amendment rights.

14.     Plaintiffs also reserve any claim for just compensation under the Fifth Amendment and the Tucker Act arising from the United States' continued retention, loss, destruction, diminution in value, or effective appropriation of Plaintiffs' property, to the extent such claim must be pursued in the United States Court of Federal Claims.

15.     Venue is proper under 28 U.S.C. §§ 1391(b)(2), 1391(e)(1)(B), and 1355(b), and under Federal Rule of Criminal Procedure 41(g), because the Aircraft and associated logbooks were seized in Fort Lauderdale, Florida, within the Southern District of Florida.

## PARTIES

### Plaintiffs

16.     Plaintiff AeroLegacy, LLC is a limited liability company with an address listed by CBP as Jessups Estate, P.O. Box 590, Jessups, St. Christopher-Nevis.

17.     AeroLegacy has a legal interest in, and is the lawful owner of, the Aircraft and its associated logbooks held by Defendants.

18.     Plaintiff Alejandro Padilla is the manager of AeroLegacy, LLC.

19.     Mr. Padilla also claims a legal interest in the Aircraft and its associated logbooks as a noticed claimant.

### Defendants

20.     Defendant United States of America is the federal sovereign whose agencies and officers seized and continue to retain the Aircraft and associated logbooks.



21.     Defendant U.S. Department of Homeland Security ("DHS") is an executive department of the United States. DHS includes ICE and CBP, the agencies involved in the seizure, notice, custody, and forfeiture-processing issues alleged in this Complaint.

22.     Defendant U.S. Immigration and Customs Enforcement ("ICE") is a component of DHS. According to the Notices of Seizure, ICE seized the Aircraft and associated logbooks in Fort Lauderdale, Florida on February 27, 2026.

23.     Defendant U.S. Customs and Border Protection ("CBP") is a component of DHS responsible for issuing the Notices of Seizure, receiving Plaintiffs' Elections of Proceedings, and processing the referral of this matter for judicial forfeiture proceedings.

24.     Defendant U.S. Department of the Treasury is an executive department of the United States.

25.     Defendant Scott Bessent is named in his official capacity as Secretary of the Treasury.

26.     Defendant Markwayne Mullin is named in his official capacity as Secretary of the Department of Homeland Security.

27.     Upon information and belief, DHS, ICE, CBP, and/or the U.S. Department of the Treasury have possession, custody, or control of the Aircraft and associated logbooks, or have exercised authority over their continued detention.

28.     Upon information and belief, DHS, including ICE and CBP, is responsible for processing seizure-forfeiture matters and referring cases to the United States Attorney when an interested party elects judicial forfeiture proceedings.

29.     Defendants Unknown Federal Officers 1–10 are federal officers or employees whose identities are presently unknown and who, upon information and belief, were personally



BARAKAT
+ BOSSA

involved in, directed, approved, maintained, or failed to correct the continued retention of the Aircraft and associated logbooks after Plaintiffs elected judicial forfeiture proceedings.

## FACTUAL ALLEGATIONS

30.     AeroLegacy is the lawful owner of the 2009 Learjet 60XR, Serial Number 366, bearing registration T7-JJ27, together with its associated maintenance records and logbooks.

31.     On February 27, 2026, ICE seized AeroLegacy's Aircraft and associated logbooks in Fort Lauderdale, Florida.

32.     Following the seizure, Defendants assumed possession, custody, and control of the Aircraft and associated records and exercised exclusive dominion over that property.

33.     On April 3, 2026, CBP issued a Notice of Seizure to AeroLegacy advising that the Aircraft and associated logbooks had been seized and that AeroLegacy might have an interest in the property. A true and correct copy of the April 3, 2026, Notice of Seizure to AeroLegacy is attached as **Exhibit "A"**.

34.     On April 10, 2026, CBP issued a separate Notice of Seizure to Alejandro Padilla, likewise advising that the same Aircraft and associated logbooks had been seized and that Mr. Padilla might have an interest in the property. A true and correct copy of the April 10, 2026, Notice of Seizure to Alejandro Padilla is attached as **Exhibit "B"**.

35.     Each Notice provided the noticed claimant with the option of electing "Court Action (Judicial Proceedings)."

36.     The corresponding JF Forms advised that, upon selection of judicial forfeiture proceedings, CBP would refer the matter to the United States Attorney pursuant to 19 U.S.C. § 1610 and 19 C.F.R. § 162.32, and requested that CBP "immediately refer the case to the U.S. Attorney for a court decision."



BARAKAT
+ BOSSA

201 Alhambra Circle, Suite 1060, Coral Gables, FL 33134 • Tel: 305-444-3114 • service@b2b.legal

37. On April 17, 2026, AeroLegacy and Mr. Padilla timely selected Option (4), "Court Action (Judicial Proceedings)," and transmitted their elections to CBP in accordance with the instructions provided in the Notices and JF Forms. A true and correct copy of the Composite April 17, 2026, Response to Notice of Seizure by AeroLegacy and Alejandro Padilla is attached as **Exhibit "C"**.

38. CBP received Plaintiffs' elections and was placed on notice that both AeroLegacy and Mr. Padilla had elected judicial forfeiture proceedings and requested referral of the matter to the United States Attorney.

39. Despite receiving Plaintiffs' elections, Defendants did not initiate judicial forfeiture proceedings.

40. After April 17, 2026, AeroLegacy repeatedly contacted CBP seeking confirmation that the matter had been referred and requesting the identity of the United States Attorney assigned to the matter, including on May 7, 2026, and several occasions thereafter.

41. CBP represented that AeroLegacy would receive an update regarding the referral process by an outside date of June 5, 2026. When AeroLegacy followed up on that date, CBP did not respond and did not confirm that referral had occurred.

42. On June 9, 2026, AeroLegacy submitted a formal follow-up and demand letter documenting its election, follow-up efforts, CBP's June 5 outside date for an update, and CBP's failure to respond or confirm referral. A true and correct copy of the June 9, 2026, Follow-Up and Demand Letter is attached as **Exhibit "D"**.

43. In that letter, AeroLegacy demanded immediate referral to a United States Attorney and written confirmation of the assigned attorney, and advised that it would file suit if CBP failed to act promptly.

44.     Before filing this Complaint, AeroLegacy was unable to obtain a basic update regarding the required referral process, the identity of any assigned United States Attorney, or any reason why Defendants had not initiated the judicial forfeiture proceedings AeroLegacy elected.

45.     Defendants have not identified an assigned United States Attorney, initiated judicial forfeiture proceedings, returned the property, or provided Plaintiffs with any explanation showing that the required referral occurred.

46.     While failing to advance the matter to judicial forfeiture proceedings, Defendants have continued exercising possession, custody, and control over AeroLegacy's Aircraft and associated logbooks.

47.     As of the filing of this Complaint, Plaintiffs remain deprived of the Aircraft and associated logbooks.

## INJURY TO PLAINTIFFS

48.     Defendants' continued seizure and retention of the Aircraft and associated logbooks constitute an ongoing injury to Plaintiffs.

49.     As a result of Defendants' actions, AeroLegacy has been deprived of possession, use, control, operation, maintenance, and enjoyment of its Aircraft for an extended period of time.

50.     As a result of Defendants' actions, Mr. Padilla has been deprived of the judicial process CBP offered to him as a noticed claimant.

51.     Throughout the period of detention, Plaintiffs have been unable to use the Aircraft for lawful business purposes, transportation, leasing, maintenance, operational planning, marketing, or sale.

*Complaint For Return of Property and Injunctive and Declaratory Relief*
*Case No: 0:26cv61858*
Page 9 of 17

52.     The continued detention of the Aircraft and associated logbooks has deprived AeroLegacy of a valuable asset worth approximately $3,244,240.00 and prevented AeroLegacy from exercising the ordinary incidents of ownership associated with that property.

53.     While Defendants continue to retain the Aircraft, AeroLegacy remains unable to inspect, maintain, preserve, protect, or otherwise safeguard the condition and value of its property.

54.     Upon information and belief, the Aircraft continues to depreciate in value during the period of detention.

55.     Defendants' continued retention of the Aircraft has also required AeroLegacy to incur attorneys' fees, litigation expenses, and other costs associated with seeking the return of its property and compelling Defendants to comply with the process contemplated by federal law.

## CLAIMS FOR RELIEF

### COUNT I
**APA and Mandamus Relief Compelling Return of the Aircraft
or Institution of Judicial Forfeiture Proceedings**

56.     Plaintiffs re-allege and incorporate by reference allegations 1-55 set forth above.

57.     Plaintiffs bring this claim under the Administrative Procedure Act, including 5 U.S.C. § 706(1), and this Court's equitable authority to compel agency action unlawfully withheld or unreasonably delayed.

58.     CBP issued Notices and JF Forms advising Plaintiffs that, upon election of "Court Action (Judicial Proceedings)," the matter would be referred to the United States Attorney for institution of judicial forfeiture proceedings pursuant to 19 U.S.C. § 1610 and 19 C.F.R. § 162.32.

59.     Plaintiffs timely selected that option on April 17, 2026, transmitted their elections to CBP, and requested referral of the matter to the United States Attorney. *See* Composite Exhibit "C".



BARAKAT
+ BOSSA

60.     The agency Defendants and official-capacity Defendants have not completed the referral process, identified an assigned United States Attorney, initiated judicial forfeiture proceedings, returned the Aircraft and logbooks, or provided any explanation or confirmation showing that the required referral occurred.

61.     The delay is unreasonable and AeroLegacy continues to suffer the ongoing loss of possession, use, maintenance access, and control of the Aircraft.

62.     Plaintiffs are entitled to an order compelling the agency Defendants and official-capacity Defendants to immediately return the Aircraft and associated logbooks or, in the alternative, immediately complete the referral process and institute judicial forfeiture proceedings.

**COUNT II**
**Fifth Amendment Due Process Relief**
**for Failure to Provide the Elected Judicial Forfeiture Process**

63.     Plaintiffs re-allege and incorporate by reference allegations 1-55 set forth above.

64.     Plaintiffs possess a constitutionally protected property interest in the Aircraft and its associated logbooks.

65.     Defendants deprived Plaintiffs of protected interests by continuing to detain the Aircraft and associated logbooks while withholding the judicial forfeiture process Plaintiffs elected.

66.     Defendants provided Plaintiffs with the option to elect judicial forfeiture proceedings and represented that, upon such election, the matter would be referred to the United States Attorney pursuant to 19 U.S.C. § 1610 and 19 C.F.R. § 162.32.

67.     Plaintiffs timely exercised that right and elected judicial forfeiture proceedings. *See* Composite Exhibit "C".



BARAKAT
+ BOSSA

201 Alhambra Circle, Suite 1060, Coral Gables, FL 33134 • Tel: 305-444-3114 • service@b2b.legal

68.     Pursuant to 19 U.S.C. § 1610 and 19 C.F.R. § 162.32, Defendants were required to refer the matter for institution of judicial forfeiture proceedings.

69.     Defendants failed to do so.

70.     Despite Plaintiffs' election and repeated requests for action, Defendants have not provided the judicial forfeiture process Plaintiffs elected or any reasonable explanation for withholding that process.

71.     As a result, Plaintiffs have been deprived of the opportunity to challenge the seizure through the judicial forum they elected while Defendants continue to retain possession of AeroLegacy's property.

72.     Defendants' continued detention of AeroLegacy's Aircraft and associated logbooks, absent initiation of the process contemplated by federal law and elected by Plaintiffs, constitutes a deprivation of property without due process of law in violation of the Fifth Amendment.

73.     As a result, Plaintiffs have been deprived of possession, use, control, operation, maintenance, enjoyment, and value of its property, and Plaintiffs have been deprived of the judicial forum through which the seizure should be adjudicated.

74.     Declaratory and injunctive relief are necessary to remedy Defendants' unconstitutional conduct because, absent such relief, Defendants will continue retaining AeroLegacy's property while withholding the process Plaintiffs elected and the referral required by 19 U.S.C. § 1610 and 19 C.F.R. § 162.32.

**COUNT III**
**Return of Aircraft Under Rule 41(g)**
**and the Court's Equitable Jurisdiction**

75.     Plaintiffs re-allege and incorporate by reference allegations 1-55 set forth above.

76.     Plaintiffs bring this claim for return of seized property pursuant to Federal Rule of Criminal Procedure 41(g) and this Court's equitable jurisdiction.

77.     AeroLegacy is the lawful owner of the Aircraft, serial number 366, and its associated logbooks currently being retained by Defendants.

78.     Plaintiffs timely elected judicial forfeiture proceedings on April 17, 2026, and expressly requested referral of the matter to the United States Attorney pursuant to 19 U.S.C. § 1610 and 19 C.F.R. § 162.32.

79.     Defendants failed to complete the referral process and have not initiated judicial forfeiture proceedings.

80.     Defendants continue to retain AeroLegacy's property while failing to advance the matter to judicial forfeiture proceedings.

81.     Plaintiffs have been deprived of possession, use, maintenance, operation, control, and enjoyment of the Aircraft and associated logbooks for an extended period of time.

82.     Defendants continue to exercise dominion and control over AeroLegacy's property while withholding the judicial forfeiture proceedings Plaintiffs elected.

83.     Plaintiffs lack an adequate remedy at law for the continued deprivation of their Aircraft and associated logbooks because Defendants retain the property while the elected judicial forfeiture process remains unavailable.

84.     Accordingly, Plaintiffs are entitled to the immediate return of their Aircraft and associated logbooks, together with such conditions as are necessary to preserve the Aircraft and prevent further loss, deterioration, depreciation, or damage.

85.     Alternatively, if the Court does not order immediate return of the Aircraft and associated logbooks, Plaintiffs request an order compelling Defendants to immediately complete



BARAKAT
+ BOSSA

201 Alhambra Circle, Suite 1060, Coral Gables, FL 33134 • Tel: 305-444-3114 • service@b2b.legal

the referral process, identify the assigned United States Attorney, and institute judicial forfeiture proceedings pursuant to 19 U.S.C. § 1610 and 19 C.F.R. § 162.32.

## COUNT IV
### Declaratory and Injunctive Fourth Amendment Relief for Unreasonable Continued Seizure

86. Plaintiffs re-allege and incorporate by reference allegations 1-55 set forth above.

87. Plaintiffs bring this claim for declaratory and injunctive relief based on the unreasonable continued seizure and retention of the Aircraft and associated logbooks in violation of the Fourth Amendment.

88. The Fourth Amendment protects against unreasonable seizures of property.

89. AeroLegacy timely elected judicial forfeiture proceedings and expressly requested referral of this matter to the United States Attorney pursuant to 19 U.S.C. § 1610 and 19 C.F.R. § 162.32. *See* Composite Exhibit "C".

90. The legality of a seizure is ordinarily determined in forfeiture proceedings. As recognized by the Fifth Circuit, "the proper place to litigate the legality of the seizure of the automobile is in the forfeiture proceedings and not elsewhere." *Castleberry v. Alcohol, Tobacco and Firearms Div. of Treasury Dep't of U.S.*, 530 F.2d 672, 675 (5th Cir. 1976).

91. AeroLegacy attempted to invoke that process by timely electing judicial forfeiture proceedings and repeatedly requesting that Defendants refer the matter to the United States Attorney as required by federal law.

92. Defendants nevertheless failed to initiate those proceedings.

93. Defendants continue to exercise dominion and control over AeroLegacy's Aircraft and associated logbooks while simultaneously denying AeroLegacy access to the judicial forfeiture proceeding through which the legality of the seizure is ordinarily adjudicated.



BARAKAT
+BOSSA

201 Alhambra Circle, Suite 1060, Coral Gables, FL 33134 • Tel: 305-444-3114 • service@b2b.legal

94.     Even if the initial seizure were lawful at its inception, a seizure may nevertheless violate the Fourth Amendment when its continued execution unreasonably interferes with possessory interests. As the Ninth Circuit recognized, "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests." *Brewster v. Beck*, 859 F.3d 1194, 1196-1197 (9th Cir. 2017).

95.     The Fourth Amendment remains implicated by the Government's continued retention of seized property. The Ninth Circuit has specifically recognized that "the Fourth Amendment is implicated by a delay in returning the property," and that "the Fourth Amendment doesn't become irrelevant once an initial seizure has run its course." *Brewster*, 859 F.3d at 1197.

96.     A seizure remains reasonable only so long as the Government's justification remains valid. Once the justification supporting the Government's continued possession no longer exists, the Government must either cease the seizure or obtain a new lawful basis for retaining the property. *Brewster*, 859 F.3d at 1197–98.

97.     Defendants and/or Unknown Federal Officers 1–10 have failed to identify an assigned United States Attorney, initiate forfeiture proceedings, provide a reasonable explanation for their inaction, return AeroLegacy's Aircraft, or correct the continued retention of the Aircraft and associated logbooks after Plaintiffs elected judicial forfeiture proceedings.

98.     The continued retention of AeroLegacy's Aircraft and associated logbooks under these circumstances constitutes an unreasonable seizure within the meaning of the Fourth Amendment.

99.     AeroLegacy continues to suffer ongoing harm from the deprivation of possession, use, maintenance access, operation, control, and enjoyment of the Aircraft and associated logbooks.



100.     Plaintiffs are entitled to declaratory and injunctive relief requiring Defendants to cease the unreasonable continued seizure by returning the Aircraft and associated logbooks or by promptly initiating the judicial forfeiture process Plaintiffs elected.

## <u>COUNT V</u>
### Damages, Statutory Recovery, and Preservation of Monetary Remedies

101.     Plaintiffs re-allege and incorporate by reference allegations 1-55 set forth above.

102.     Plaintiffs seek to recover, or expressly preserve the right to recover, all monetary relief available from the Government's wrongful seizure, detention, and continued retention of the Aircraft and associated logbooks.

103.     Such relief includes, without limitation, any recoverable loss-of-use damages, diminution in value, storage, maintenance, inspection, preservation, insurance, repositioning, and restoration costs, attorneys' fees, litigation expenses, interest, and other damages or compensation permitted by law.

104.     Plaintiffs reserve all rights to seek fees, costs, interest, return of property, and any other relief available under 28 U.S.C. § 2465.

105.     Plaintiffs further reserve any claim for just compensation under the Fifth Amendment and the Tucker Act arising from the United States' continued retention, loss, destruction, diminution in value, loss of use, or effective appropriation of Plaintiffs' property.

106.     Plaintiffs plead this count to preserve all damages, compensation, fees, costs, interest, and other monetary remedies arising from the seizure and continued retention of the Aircraft, including any relief available under 28 U.S.C. § 2465, the Fifth Amendment, the Tucker Act, and, if legally available, *Bivens*.



BARAKAT
+ BOSSA

201 Alhambra Circle, Suite 1060, Coral Gables, FL 33134 • Tel: 305-444-3114 • service@b2b.legal

### COUNT VI
### (Against Unknown Federal Officers 1–10)
### *Bivens* Claim Against Individual Federal Officers
### (In The Alternative)

107.     Plaintiffs re-allege and incorporate by reference allegations 1-55 set forth above.

108.     Plaintiffs plead this count in the alternative and only to the extent a damages remedy is available under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

109.     Plaintiffs allege that the continued retention of AeroLegacy's Aircraft and associated logbooks, without initiating the judicial forfeiture process Plaintiffs elected, constitutes an unreasonable continued seizure in violation of the Fourth Amendment.

110.     Plaintiffs reserve the right to seek compensatory damages against those officers in their individual capacities for the wrongful continued retention of the Aircraft and associated losses, but only to the extent such a remedy is legally available and discovery establishes personal involvement by one or more individual federal officers.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs AEROLEGACY, LLC and ALEJANDRO PADILLA respectfully request that the Court enter judgment in their favor and grant the following relief:

A.     Declare that Plaintiffs timely elected judicial forfeiture proceedings and that Defendants unlawfully withheld or unreasonably delayed the required referral and institution of those proceedings.

B.     Declare that Defendants' continued retention of the Aircraft and associated logbooks, without initiating the elected judicial forfeiture process, violates Plaintiffs' rights under the Fifth Amendment and constitutes an unreasonable continued seizure under the Fourth Amendment.



C. Order Defendants to immediately return Plaintiffs' Aircraft, Serial Number 366, together with all associated logbooks, manuals, records, parts, accessories, equipment, and property in their possession, custody, or control, and to preserve the Aircraft and its records pending return.

D. In the alternative, order Defendants to immediately refer the matter to the United States Attorney, institute judicial forfeiture proceedings pursuant to 19 U.S.C. § 1610 and 19 C.F.R. § 162.32, and provide written confirmation identifying the assigned United States Attorney.

E. Award or preserve Plaintiffs' right to recover all damages, compensation, fees, costs, expenses, interest, return-of-property remedies, and other monetary relief available by law, including under 28 U.S.C. § 2465, the Fifth Amendment, the Tucker Act, and, if legally available, *Bivens*.

F. Grant such other and further legal or equitable relief as the Court deems just, equitable, and proper.

Respectfully submitted,

**BARAKAT + BOSSA, PLLC**
*Attorneys for Plaintiffs,*
*AeroLegacy, LLC and Alejandro Padilla*
201 Alhambra Circle, Suite 1060,
Coral Gables, Florida 33134
Tel (305) 444-3114
Fax (305) 444-3115

By: */s/ Richard L. Richards, Esq.*
**RICHARD L. RICHARDS**
Florida Bar No. 09415
richards@b2b.legal; service@b2b.legal
**ALEJANDRA MUÑIZ MARCIAL**
Florida Bar No.: 1019266
amuniz@b2b.legal; mjimenez@b2b.legal



BARAKAT
+ BOSSA