**UNITED STATES DISTRICT COURT**
**IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA**

AEROLEGACY, LLC; and
ALEJANDRO PADILLA,

*Plaintiffs*,

CASE NO.: 0:26cv61858

v.

UNITED STATES OF AMERICA; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION; U.S. DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; and UNKNOWN FEDERAL OFFICERS 1–10, in their individual capacities,

*Defendants*.
______________________________/

# EMERGENCY MOTION FOR RETURN OF AIRCRAFT, OR ALTERNATIVELY FOR EXPEDITED DISCLOSURE, INSPECTION, PRESERVATION, AND ORDER TO SHOW CAUSE

Plaintiffs AeroLegacy, LLC ("AeroLegacy") and Alejandro Padilla ("Padilla"), by and through undersigned counsel, move on an emergency basis for an order requiring the immediate return of their 2009 Learjet 60XR and associated logbooks or, at minimum, expedited disclosure, inspection, preservation, and an order to show cause.

## INTRODUCTION

1. Plaintiffs seek emergency relief because the Government continues to retain exclusive custody of a high-value turbine aircraft and its records without providing basic information concerning the Aircraft's location, custodian, condition, preservation, or access.

2. The seized property is a 2009 Learjet 60XR, Serial Number 366, registration T7-JJ27, together with all parts, engines, components, instruments, appurtenances, and records installed thereon or related thereto, including logbooks (the "Aircraft"), wherever found.

3. The U.S. Customs and Border Protection ("CBP") appraised the Aircraft at approximately $3,244,240.00. Its value, airworthiness, insurability, and marketability depend on proper preservation and complete maintenance records.

4. After receiving CBP's Notices of Seizure, Plaintiffs timely elected judicial forfeiture proceedings on April 17, 2026, and expressly requested immediate referral of the matter to the United States Attorney pursuant to 19 U.S.C. § 1610 and 19 C.F.R. § 162.32.

5. Despite that election, no judicial forfeiture action has been filed, no Assistant United States Attorney has appeared, and Defendants have not provided basic information necessary to preserve the Aircraft and its records.

6. Emergency intervention is necessary to protect Plaintiffs' property and due process rights and to require the Government to either return the Aircraft or promptly justify its continued detention.

## FACTUAL BACKGROUND

7. On February 27, 2026, the U.S. Immigration and Customs Enforcement ("ICE") seized Plaintiffs' Aircraft and associated logbooks in Fort Lauderdale, Florida. The Aircraft is a 2009 Learjet 60XR, Serial Number 366, bearing registration T7-JJ27. CBP appraised the Aircraft at approximately $3,244,240.00.

8. CBP issued Notices of Seizure to AeroLegacy on April 3, 2026, and to Padilla on April 10, 2026. Both notices identified the same Aircraft, logbooks, seizure date, CBP case

number, and appraised value. A true and correct copy of the CBP's Notices of Seizure are attached as Composite Exhibit A.

9. The Notices of Seizure advised Plaintiffs that they could select "Court Action (Judicial Proceedings)" and that, upon receiving that election, CBP would refer the matter to the United States Attorney's Office under 19 U.S.C. § 1610 and 19 C.F.R. § 162.32.

10. On April 17, 2026, both Plaintiffs selected Option 4, "Court Action," and requested immediate referral to the United States Attorney for a court decision. A true and correct copy of Plaintiffs' April 17, 2026, correspondence to CBP electing judicial forfeiture proceedings, together with the executed Election of Proceedings forms selecting Option 4, Court Action, are attached as Composite Exhibit B.

11. Afterward, Plaintiffs sought status updates from CBP. When no referral information was provided, Plaintiffs sent a formal demand letter on June 9, 2026, demanding immediate referral and disclosure of the assigned attorney. A true and correct copy of Plaintiffs' June 9, 2026, Follow Up Letter to CBP is attached as Exhibit C.

12. On July 4, 2026, Plaintiffs filed this action after months of inaction. At that time, Defendants had not filed forfeiture proceedings, identified a responsible prosecutor, returned the Aircraft, or provided information needed to protect the Aircraft and its records.

13. The Complaint has been served on the Government and federal defendants. A true and correct copy of Plaintiffs' Proof of Service Affidavit is attached as Exhibit D.

14. Despite Plaintiffs' written election and follow-up demand, the Government has not filed a forfeiture action, identified an assigned Assistant United States Attorney ("AUSA"), appeared in this case, disclosed the Aircraft's location, or justified continued detention.

15. Plaintiffs still do not know where the Aircraft is located, who is responsible for it, whether it has been moved, inspected, maintained, or preserved, or whether the logbooks remain intact and complete.

16. As a result, Plaintiffs cannot inspect, maintain, preserve, insure, document, or otherwise protect the Aircraft and its records while Defendants retain exclusive control.

## EMERGENCY RELIEF IS WARRANTED

### A. ***Plaintiffs continue to suffer irreparable harm*****.**

17. The Aircraft is a complex, high-value aviation asset outside Plaintiffs' possession and control. Without access or reliable information, Plaintiffs cannot verify its airworthiness-related condition, confirm the completeness of its records, or take steps to preserve its value.

18. Plaintiffs need not prove that deterioration has already occurred. The immediate harm is the loss of access and information necessary to determine whether damage, depreciation, record loss, or preservation failures are occurring while the Aircraft remains in federal custody.

19. Money damages are inadequate because the loss or compromise of aircraft maintenance records, preservation information, or airworthiness-related condition cannot be meaningfully evaluated or mitigated without access to the Aircraft and its records.

### B. ***Defendants have failed to provide meaningful post-seizure process*****.**

20. Plaintiffs elected judicial forfeiture proceedings more than four months ago. CBP's own election form provides that, when a claimant selects court action, CBP will send the case to the United States Attorney for court action.

21. Yet no forfeiture proceeding exists, no AUSA has appeared, no explanation has been provided, and Plaintiffs have not received a meaningful opportunity to challenge the seizure in the forum they selected.

**22.** The Government's ordinary response period does not eliminate the emergency. The issue is the ongoing detention of a multimillion-dollar aircraft after timely judicial-forfeiture elections, without a filed forfeiture action or basic information needed to preserve the Aircraft and its records.

23. Federal courts have recognized due-process concerns when the Government retains valuable seized property without a prompt and meaningful opportunity to test continued detention. *See Krimstock v. Kelly*, 306 F.3d 40, 51–53 (2d Cir. 2002). That authority supports the practical principle that continued detention requires timely process and basic transparency.

**C. *Rule 41(g) and the Court's equitable jurisdiction support immediate relief*.**

24. Federal Rule of Criminal Procedure 41(g) authorizes a person aggrieved by the deprivation of property to move for the property's return. A Rule 41(g) motion invokes the Court's equitable jurisdiction, and courts in this Circuit evaluate whether equitable intervention is warranted by considering whether the Government displayed disregard for constitutional rights, whether the movant has an individual interest in and need for the property, whether the movant would be irreparably injured by denial of return, and whether the movant has an adequate remedy at law. *See Richey v. Smith*, 515 F.2d 1239, 1243–44 (5th Cir. 1975); *Hunsucker v. Phinney*, 497 F.2d 29, 34–35 (5th Cir. 1974).

25. The Eleventh Circuit recognizes that a Rule 41(g) motion is governed by equitable principles and may proceed as a civil equitable proceeding where no criminal case provides an adequate forum. *See United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). Independent of Rule 41(g), this Court also has equitable authority in this civil action, authority to remedy ongoing due-process injury, and inherent authority to preserve property and maintain the status quo pending adjudication.

26. Even assuming the initial seizure was lawful, continued retention without a filed forfeiture action, disclosure of the Aircraft's location or custodian, access for inspection, or a meaningful opportunity to test detention warrants judicial intervention. Due process requires a meaningful opportunity to be heard at a meaningful time, and delay in instituting forfeiture proceedings is evaluated under the flexible framework set forth in *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 562–65 (1983), which applies the balancing principles of *Barker v. Wingo*, 407 U.S. 514 (1972).[1]

27. At minimum, the Court should require the Government to preserve the Aircraft and logbooks, disclose their location and condition, permit inspection, and appear promptly to show cause. That relief is consistent with the Court's equitable authority under Rule 41(g) and its ability to fashion practical relief short of immediate return. *See Richey*, 515 F.2d at 1243–44; *Hunsucker*, 497 F.2d at 34–35.

**ALTERNATIVE RELIEF**

28. If the Court is not prepared to order immediate return before hearing from Defendants, it should require immediate transparency and preservation. Defendants should identify the Aircraft's location, custodian, condition, storage and movement history, preservation status, and associated records.

29. Expedited disclosure and inspection are narrowly tailored interim remedies. They do not decide the merits of any forfeiture theory; they allow Plaintiffs and the Court to assess whether the Aircraft and logbooks are being preserved and whether additional protective measures are needed.

[1] That inquiry requires the Court to consider not only the length of the Government's delay after Plaintiffs elected judicial forfeiture, but also the absence of any stated reason for that delay, Plaintiffs' repeated assertion of their right to judicial process and return or inspection of the Aircraft, and the prejudice caused by continued deprivation of access, custody information, preservation assurances, and the ability to protect the Aircraft and its records.

30. Continued delay prejudices Plaintiffs because they remain unable to document the Aircraft's current condition, mitigate loss, preserve evidence, or protect its value and airworthiness-related records.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter an emergency order granting the following relief:

A. Ordering Defendants to immediately return the Aircraft, together with all associated logbooks, records, manuals, equipment, avionics, accessories, and related property, pending further order of this Court.

B. **Preservation Relief.** Ordering Defendants to preserve the Aircraft, engines, avionics, accessories, logbooks, maintenance records, manuals, seizure records, photographs, storage records, movement records, and all documents or electronically stored information concerning the Aircraft's custody, condition, inspection, transport, storage, maintenance, and preservation.

C. **In the alternative**, requiring Defendants within forty-eight (48) hours to: (1) identify the Aircraft's current location and custodian; (2) identify the location and custodian of all logbooks, maintenance records, manuals, and related records; (3) produce photographs taken while the Aircraft has been in Government custody; (4) produce inspection, storage, transport, maintenance, preservation, movement, and condition records; (5) identify each storage location since seizure; (6) state whether any damage, deterioration, missing equipment, missing records, or alteration has occurred while in Government custody; and (7) identify all preservation measures taken for the Aircraft, engines, avionics, accessories, records, and logbooks.

D. Permitting Plaintiffs, through one or more designated aviation maintenance representatives, to inspect, photograph, and document the Aircraft and associated logbooks, maintenance records, manuals, and related records within seven (7) days, subject to reasonable security protocols ordered by the Court.

E. **Order to Show Cause.** Directing Defendants to appear on an expedited basis and show cause why: (1) continued detention of the Aircraft should be allowed; (2) judicial forfeiture proceedings have not been instituted despite Plaintiffs' April 17, 2026, elections; (3) the assigned

Assistant United States Attorney has not been identified; (4) Plaintiffs have not been permitted an inspection; and (5) the Aircraft should not be returned immediately.

F. **Expedited Hearing.** Setting this Motion for an expedited hearing at the earliest available date.

G. **Further Relief.** Awarding such other and further relief as the Court deems just, equitable, and proper.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, undersigned counsel certifies that Plaintiffs are unable to confer with Defendants regarding the relief requested in this Motion at this time. No Assistant United States Attorney has been assigned or identified to Plaintiffs, Defendants have not appeared in this action, and there have been no communications with Plaintiffs regarding Defendants' position on the requested relief. Accordingly, Plaintiffs are unable to state whether Defendants oppose the Motion.

Respectfully submitted,

**BARAKAT + BOSSA, PLLC**
*Attorneys for Plaintiffs,*
*AeroLegacy, LLC and Alejandro Padilla*
201 Alhambra Circle, Suite 1060,
Coral Gables, Florida 33134
Tel (305) 444-3114
Fax (305) 444-3115

By: */s/ Richard L. Richards, Esq.*
**RICHARD L. RICHARDS**
Florida Bar No. 09415
richards@b2b.legal; service@b2b.legal
**ALEJANDRA MUÑIZ MARCIAL**
Florida Bar No.: 1019266
amuniz@b2b.legal; mjimenez@b2b.legal

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 25, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and by email upon U.S. Attorney Jorge R. Delgado at jorge.delgado2@usdoj.gov.

By: */s/ Richard L. Richards*
**RICHARD L. RICHARDS**